IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:10-CR-263-DCN |
| vs. | ) | |
| | ) | **SENTENCING ORDER** |
| RANDALL H. ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      On May 26, 2010, defendant pled guilty to Count 1 of the indictment, possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On July 19, 2011, although the recommended advisory guideline sentence was 87-108 months in prison, the undersigned varied downward and sentenced defendant to 42 months in prison, supervised release for a term of life, and a $100 special assessment. The court has recommended to the Bureau of Prisons that defendant participate in the Sex Offender Treatment Program while incarcerated. The terms of his supervised release are detailed in defendant's Judgment in a Criminal Case, Form AO 245B.

      During the hearing on July 19, 2011, the court did not state its reasons for the sentence imposed pursuant to 18 U.S.C. § 3553(c); therefore, the court files this written order for that purpose. The court considered all of the relevant factors under § 3553(a) prior to imposing the sentence in this case. Under subsection (a)(1), the court considered the nature and circumstances of the offense. Defendant pled guilty to the serious crime of possessing child pornography. He was accessing and sharing child pornography via LimeWire, and he was intercepted by FBI investigations in Minnesota and Florida.

However, defendant has a steady employment history and no criminal history. He has also been diagnosed with Bipolar Affective Disorder by a psychiatrist at the Medical University of South Carolina.

The court finds the sentence imposed adequate "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; "to afford adequate deterrence," both general and specific, for the criminal conduct at issue; "to protect the public from further [exploitative] crimes of the defendant"; and "to provide the defendant with . . . other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). The court rejected defendant's request for a noncustodial sentence because such a sentence would fail to adequately address the factors in § 3553(a)(2) and run counter to Congress' intent to impose severe penalties for child pornography offenders. See United States v. Morace, 594 F.3d 340, 347 (4th Cir. 2010) (quoting United States v. Hecht, 470 F.3d 177, 182 (4th Cir. 2006)) ("'[D]istrict courts, in the course of selecting an appropriate sentence, ought to give respectful attention to Congress' view that [child pornography crimes] are serious offenses deserving serious sanctions.'")

In addition, the court finds that the prescribed downward variance is necessary "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); see also United States v. Moore, No. 2:08-cr-00417-DCN, Judgment, ECF No. 42 (D.S.C. July 24, 2009) (sentencing defendant convicted of possession of child pornography to 42 months in prison when the advisory guideline range was the statutory maximum of 120 months in

prison); United States v. Doublin, No. 2:08-cr-00698-DCN, Judgment, ECF No. 41 (D.S.C. Feb. 5, 2010) (sentencing defendant convicted of possession of child pornography to 48 months in prison when the recommended advisory guideline range was 78-97 months in prison); United States v. Powers, No. 2:09-cr-00798-PMD, Judgment, ECF No. 41 (D.S.C. Mar. 24, 2010) (sentencing defendant convicted of possession of child pornography to 48 months in prison when the advisory guideline range was the statutory maximum of 120 months in prison); United States v. Brown, No. 2:09-cr-00453-PMD, Judgment, ECF No. 36 (D.S.C. Apr. 7, 2010) (sentencing defendant convicted of possession of child pornography to 48 months in prison when the advisory guideline range was 97-120 months in prison); United States v. Wilson, No. 2:09-cr-00679-PMD, Judgment, ECF No. 71 (D.S.C. Nov. 5, 2010) (sentencing defendant convicted of possession of child pornography to 40 months in prison when the advisory guideline range was 78-97 months in prison); United States v. Cannon, No. 2:10-cr-00264-DCN, Judgment, ECF No. 35 (D.S.C. Mar. 29, 2011) (sentencing defendant convicted of possession of child pornography to 39 months in prison when the advisory guideline range was 78-97 months in prison); United States v. Stuart, No. 2:09-cr-01218-SB, Judgment, ECF No. 43 (D.S.C. Apr. 1, 2011) (sentencing defendant convicted of possession of child pornography to 54 months in prison when the advisory guideline range was the statutory maximum of 120 months in prison).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**July 25, 2011**
**Charleston, South Carolina**